UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MARK KUROWSKI,<br><br>    Plaintiff,<br><br>vs.<br><br>NUCOR CORPORATION,<br><br>    Defendant. | CIVIL ACTION NUMBER:  2:09-1513-CWH |

**ANSWER OF NUCOR CORPORATION TO THE COMPLAINT OF PLAINTIFF**

  Defendant Nucor Corporation (hereinafter "Nucor") files this Answer in response to allegations of Plaintiff Mark Kurowski (hereinafter "Plaintiff") involving the Nucor Steel Berkeley facility, which action was removed to this Court from the Court of Common Pleas for Berkeley County, State of South Carolina.

  1. Defendant admits, upon information and belief, only so much as may be construed to allege that  Plaintiff is a citizen and resident of Berkeley County and subject to the jurisdiction of this Court.  Defendant denies that any of the employment decisions related to the Plaintiff were made by any person not employed at Nucor Steel Berkeley.  Nucor is a corporation that conducts business in various states, and its corporate headquarters are located in Charlotte, North Carolina.  Nucor Steel Berkeley is an unincorporated division of Nucor conducting business in the state of South Carolina, and Nucor Steel Berkeley was the sole decision maker relating to the events alleged by the Plaintiff in the Complaint.  Defendant denies each and every remaining allegation contained in Paragraph 1 of Plaintiff's Complaint.

  2. Defendant admits that Nucor is a corporation that conducts business in various states, and its corporate headquarters are located in Charlotte, North Carolina.  Defendant admits

that Nucor Steel Berkeley is an unincorporated division of Nucor conducting business in the state of South Carolina. Nucor denies each and every remaining allegation contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits, upon information and belief, only so much as may be construed to allege that this Court has subject matter jurisdiction over Plaintiff. Defendant denies each and every remaining allegation in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits, upon information and belief, only so much as may be construed to allege that venue is proper in the District Court of South Carolina, Charleston Division. Any allegations of Paragraph 4 inconsistent with, or in addition to the foregoing admission are denied.

5. Defendant admits that Plaintiff was hired by Nucor Steel Berkeley in or around July, 1998. Defendant denies each and every remaining allegation contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that Nucor Steel Berkeley promulgated a drug testing policy in the Nucor Steel Berkeley employee handbook. Defendant denies that Nucor Steel Berkeley's drug testing policy in its employee handbook contains the language cited in Paragraph 6 of Plaintiff's Complaint. Defendant denies each and every remaining allegation contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies each and every allegation contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits that Plaintiff passed several drug tests during the course of his employment with Nucor Steel Berkeley and that he failed the drug tests leading to his

termination. Defendant denies each and every remaining allegation contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies each and every allegation contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies each and every allegation contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that Nucor Steel Berkeley contracted with an outside expert on drug testing which took samples from Plaintiff in April of 2007, tested the samples, conducted confirmatory tests, and confirmed that all of Plaintiff's test results at that time were positive for the drug cocaine. Defendant denies each and every remaining allegation contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that Nucor Steel Berkeley terminated Plaintiff in May 2007 due to a positive drug test result, according to policy. Defendant denies each and every remaining allegation contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies them.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies them.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies them.

16. Defendant admits that Nucor Steel Berkeley terminated Plaintiff in May 2007 due to a positive drug test result, according to policy. Defendant denies each and every remaining allegation contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies each and every allegation contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies each and every allegation contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies each and every allegation contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant admits that Nucor Steel Berkeley terminated Plaintiff in May 2007 due to a positive drug test result, according to policy. Defendant denies each and every remaining allegation contained in Paragraph 20 of Plaintiff's Complaint.

## FOR A FIRST CAUSE OF ACTION
### Breach of Contract

21. Defendant restates and incorporates by reference its responses to Paragraphs 1-20 as its response to Paragraph 21 of Plaintiff's Complaint.

22. Defendant admits that Nucor Steel Berkeley terminated Plaintiff in May 2007 due to a positive drug test result, according to policy. Defendant denies each and every remaining allegation contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies each and every allegation contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies each and every allegation contained in Paragraph 24 of Plaintiff's Complaint. Defendant specifically denies any contract between Plaintiff and Defendant altering Plaintiff's at-will employment status.

## FOR A SECOND CAUSE OF ACTION
### Defamation

25. Defendant restates and incorporates by reference its responses to Paragraphs 1-24 as its response to Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies each and every allegation contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies each and every allegation contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies each and every allegation contained in Paragraph 28 of Plaintiff's Complaint.

## JURY TRIAL

29. Paragraph 29 of Plaintiff's Complaint contains a demand for jury trial for which no response is required.

## PRAYER FOR RELIEF

30. Defendant denies the propriety of each and every one of Plaintiff's requests for relief and denies each and every allegation therein.

31. Defendant denies each and every allegation contained in said Complaint not specifically admitted herein.

## ADDITIONAL DEFENSES

Defendant hereby states the following affirmative and additional defenses to the Complaint, but do not assume the burden of proof on any such defenses except as required by applicable law with respect to a particular defense asserted.

1. Plaintiff has failed to state claims for which relief can be granted. This Court should therefore dismiss Plaintiff's Complaint. FRCP 12(b)(6).

2. This Court lacks subject matter jurisdiction over the Plaintiff's claims, and should therefore dismiss Plaintiff's Complaint. FRCP 12(b)(1).

3. This court lacks personal jurisdiction over the Defendant, and should therefore dismiss the Complaint. FRCP 12(b)(2).

4. Plaintiff has failed to join indispensable parties under Federal Rule of Civil Procedure 19, and this Court should therefore dismiss Plaintiff's Complaint. FRCP 12(b)(7).

5. To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, his claims for relief are barred.

6. Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove actual or punitive damages, and hence can only recover nominal damages if he prevails.

7. Plaintiff's prayer for relief must fail to the extent that Plaintiff has failed to mitigate his damages as required by law.

8. No unlawful employment actions were taken against the Plaintiff by Defendant.

9. Defendant did not engage in any conduct warranting recovery by Plaintiff of front pay, back pay, compensatory or punitive damages, attorney's fees, costs or any other form of relief whatsoever.

10. In the unlikely event that back-pay damages are awarded to Plaintiff, Plaintiff's interim earnings, workers' compensation benefits, and unemployment compensation benefits received shall operate as an offset to reduce the damages award.

11. Defendant did not act with malice or reckless disregard to the rights of Plaintiff, rendering inappropriate the imposition of any exemplary or punitive damages.

12. Plaintiff's claims are barred in whole or in part by the doctrine of laches, estoppel, waiver, and all other applicable defenses listed in FRCP 8(c).

13. Although Defendant denies any breach of contract or defamation occurred, to the extent that any alleged breach of contract or defamation against Plaintiff did occur, any agents or employees of Defendant were not acting within the course and scope of their employment when any of the purported breach of contract or defamation took place.  Thus Defendant is not liable for alleged intentional acts committed outside the course and scope of employment.

14. Defendant has not engaged in any conduct warranting declaratory relief, injunctive relief, or any other form of relief whatsoever.

15. Plaintiff is not entitled to recover for defamation/slander because the alleged defamatory statements were true or substantially true.

16. Plaintiff is not entitled to recover for defamation/slander because no acts constituting publication occurred.

17. Plaintiff's self-publication bars any recovery for defamation/slander.

18. Plaintiff is not entitled to recover for defamation/slander because any publication that was made was qualifiedly privileged.

19. Plaintiff is not entitled to recover for defamation/slander because any publication was not made with actual malice.

20. Plaintiff is not entitled to recovery for breach of contract to the extent that his claims are barred by the statute of frauds.

21. Plaintiff is not entitled to recover for breach of contract because Nucor Steel Berkeley's employee handbook did not constitute an employment contract nor did it alter the employment-at-will relationship.

22. Subject to the defense asserted in Paragraph 23 and without waiving the same, Defendant avers in the alternative that Defendant had a reasonable good faith belief that sufficient cause existed for Plaintiff's termination.

23. Plaintiff is not entitled to recover for breach of contract because he did not have a contractual relationship with Defendant. His employment at Nucor Steel Berkeley was terminable at will under the laws of South Carolina.

24. No documents issued to Plaintiff by Defendant or Nucor Steel Berkeley during his employment constituted an employment contract altering Plaintiff's at-will employment status.

25. Neither Defendant's or Nucor Steel Berkeley's policies, nor their procedures, nor their practices, nor their customs, nor their disciplinary system, nor any oral statements by their agents constituted a contract or employment for a specific period of time between Plaintiff and Defendant or Nucor Steel Berkeley, and Plaintiff's at-will employment status was never altered.

26. Plaintiff is not entitled to recover for breach of contract because Nucor Steel Berkeley's employee handbook contains conspicuous waivers.

27. Plaintiff is not entitled to recover for breach of contract because the drug testing policy in Nucor Steel Berkeley's employee handbook does not restrict Nucor Steel Berkeley's right to terminate Plaintiff.

28. Plaintiff is not entitled to recover for breach of contract because Plaintiff executed a form acknowledging that Plaintiff understood that the terms of Nucor Steel Berkeley's employee handbook did not alter the employment-at-will relationship.

29. Plaintiff cannot prevail on his claim for breach of contract because the contract alleged by Plaintiff is void as contrary to public policy.

30. If Plaintiff had an employment contract with Defendant or Nucor Steel Berkeley and was not employed at-will, which is expressly denied, Plaintiff's antecedent breach of the contract relieved Defendant and Nucor Steel Berkeley from any obligations thereunder.

31. Defendant reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery. To the extent that any of the foregoing allegations in Plaintiff's Complaint have not been expressly admitted or denied, they are hereby denied.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed in its entirety, with prejudice, that Defendant be awarded its full attorneys' fees incurred in defending this matter, that it be awarded all costs incurred, including any expert fees, and that it have such other and further relief as the Court may deem just and equitable.

RESPECTFULLY SUBMITTED,

TURNER PADGET GRAHAM & LANEY, PA

By: ____s/John S. Wilkerson, III_____
John S. Wilkerson, III, Fed. I.D. No.: 4657
Nosizi Ralephata, Fed. I.D. No.: 9685
P.O. Box 22129
Charleston, South Carolina  29413
Telephone:  (843) 576-2801
Fax:  (843) 576-1649
Email:  JWilkerson@TurnerPadget.com
NRalephata@TurnerPadget.com

ATTORNEYS FOR DEFENDANT

June 10, 2009